UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID TINNELL | * | CIVIL ACTION NO.: |
| | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| | * | |
| ARIES MARINE CORPORATION | * | JUDGE: |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, David Tinnell, a person of the full age of majority domiciled in the Parish of St. Tammany, State of Louisiana, who, on his own behalf and on behalf of all similarly situated employees of Defendant, alleges as follows:

## JURISDICTION

1.

Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §201, *et. seq.* of the Fair Labor Standards Act ("FLSA") and 28 U.S.C. §1331, as this action arises under the laws of the United States. Further, this matter is brought as a collective action pursuant to 29 U.S.C. §216(b) by Plaintiff, individually, and on behalf of all similarly situated employees of Defendant. At all relevant times, Plaintiff and all similarly situated employees were engaged in interstate commerce while employed by Defendant. Further, at all relevant times, Defendant had gross revenues in excess of $500,000 per year.

2.

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391(b)(2). Defendant routinely operated its lift boat fleet in waterways located within the Eastern District of Louisiana. Plaintiff and similarly situated employees performed work aboard Defendant's lift boats while located within the venue of this Honorable Court. Defendant's failure to pay overtime occurred while Plaintiff and similarly situated employees were located within the Eastern District of Louisiana.

## PARTIES

3.

Plaintiff herein is DAVID TINNELL, a major individual domiciled at 80505 Father Francis Drive, Bush, Louisiana, in the Parish of St. Tammany, State of Louisiana.

4.

Defendant herein is ARIES MARINE CORPORATION, a domestic corporation, domiciled at 309 La Rue France, Suite 100, Lafayette, Louisiana, 70508.

## INTRODUCTION AND FACTUAL BACKGROUND

5.

This case involves a claim for unpaid overtime wages and liquidated damages brought by Plaintiff, David Tinnell, individually and on behalf of all similarly situated employees of Defendant who, at any time in the past three years through the date of entry of judgment, were employed by Defendant as a cook aboard a lift boat and were not paid overtime for all hours worked over 40 in a work week, as required under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

6.

Defendant, Aries Marine Corporation (hereinafter referred to as "ARIES"), owns and/or operates a fleet of marine lift boats which is comprised of sixteen vessels which range in league length size from Class 105 feet to Class 200 feet and are capable of operating in maximum water depth of 160 feet.

7.

This fleet of marine lift boats are self-elevating work platforms that are outfitted with cranes ranging from 10 to 125 tons. Each lift boat utilizes a small crew employed by ARIES but primarily provides accommodations for third party personnel who perform work on oil and gas platforms, pipelines, well hookups, rig tending and salvage operations.

8.

Plaintiff, David Tinnell, was employed by ARIES as a cook aboard one or more of its lift boats and brings this case on behalf of all similarly situated cooks employed by ARIES who, within the last three (3) years, worked aboard a lift boat owned and/or operated by ARIES.

9.

Plaintiff and all similarly situated employees were generally required to work fourteen days on and fourteen days off. During their work weeks, Plaintiff, and each similarly situated employee, worked at least 84 hours per week. Often, Plaintiff, and similarly situated employees, worked in excess of 84 hours per week.

10.

ARIES paid Plaintiff, and similarly situated employees, a day rate. ARIES did not pay overtime for work in excess of 40 hours per week to Plaintiff or similarly situated employees in

violation of 29 C.F.R. 778.112.

11.

Plaintiff and all similarly situated employees who were employed by Defendant as a cook aboard one or more of its lift boats did not perform work related to the navigation of the vessel, but instead spent the majority of their time preparing and serving meals to employees of third parties who were not members of the crew of the lift boats and who were only aboard the lift boats for their meals and accommodations while performing their work aboard adjacent platforms, rigs, or in other locations.

12.

Plaintiff and similarly situated employees who worked as cooks aboard Defendant's lift boats did not meet the definition of "seaman" as set forth in 29 C.F.R. 783.31 and therefore were not exempt from the overtime pay provisions of the FLSA.

13.

Defendant utilized a uniform policy and practice of paying Plaintiff and all similarly situated employees a day rate and did not pay overtime for any amounts worked in excess of 40 hours per work week.  On information and belief, during the last three years, Defendant has employed at least 40 individuals as cooks aboard its fleet of lift boats.  All of these similarly situated employees are now and have been in the past subject to Defendant's uniform payroll practice, which violates the overtime provisions of the FLSA.

## CAUSE OF ACTION AGAINST DEFENDANT FOR WILLFUL VIOLATION OF 29 U.S.C. §207

14.

Plaintiff repeats and realleges each and every allegation set forth above and, in addition, alleges:

15.

Defendant required Plaintiff, and similarly situated employees, to regularly work more than 40 hours per week.

16.

Defendant failed to pay premium overtime wages to Plaintiff and similarly situated employees in an amount required by law in violation of 29 U.S.C. §201 *et. seq.*, and its implementing regulations.

17.

Defendant's actions were willful, not in good faith, and were designed to circumvent the rights of Plaintiff and similarly situated employees under the FLSA.  As such, Plaintiff and all similarly situated employees should be allowed to collect unpaid and due overtime wages for a period of three (3) years from the date of filing a Consent Form, or as otherwise fixed by this Honorable Court, as Defendant was, at all times, in bad faith for not paying the overtime that was earned and owed.

18.

Plaintiff, and all similarly situated employees, are also entitled to an award of liquidated damages and attorney fees, as required by the FLSA, for Defendant's willful violation.

19.

Plaintiff is entitled to trial by jury on all issues raised herein against all parties.

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated employees of Defendant, prays that, after due proceedings had, there be judgment herein as follows:

a) Conditionally certifying this proceeding as a FLSA collective action pursuant to 29 U.S.C. §216(b) and ordering notice sent to the class of similarly situated employees informing them of the opportunity to join this action;

b) Declaring and determining that Defendant's payroll practices with regard to Plaintiff and all similarly situated employees violated the overtime pay provisions of the FLSA;

c) Declaring and determining that Defendant's violations of the FLSA were willful;

d) Awarding damages for Plaintiff and all those similarly situated employees who consent to join this action's claims for unpaid wages and overtime benefits earned but not paid as required by the FLSA;

e) Awarding liquidated damages as required by law;

f) Awarding interest, costs, and reasonable attorney fees;

g) Granting such other relief as the Court finds just and equitable; and

h) Granting Plaintiff trial by jury on all issues raised herein.

Respectfully submitted:

SUTTON & ALKER
Michael T. Tusa, Jr.
4080 Lonesome Road, Suite A
Mandeville, Louisiana 70448
Telephone: 985/727-7501
Facsimile: 985/727-7505
Email: mtusa@sutton-alker.com

-and-

BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: 225/925-5297
Facsimile: 225/231-7000


By: s/Philip Bohrer
        Philip Bohrer
        Bar Roll No.: 14089